IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITY INSURANCE COMPANY
OF HARTFORD,

      Third-Party Plaintiff,

vs.                                                  No. CIV 04-1246 JB/ACT

CLOVIS INSURANCE CENTER, INC.,
d/b/a DESERT STATES INSURANCE,

      Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Deem Admitted Defendant's Request for Admission of Fact No. 13, filed May 30, 2006 (Doc. 158). The Court held a hearing on this motion on July 19, 2006. The primary issue is whether the Court should deem admitted the Defendant Clovis Insurance Center, Inc.'s Request for Admission of Fact No. 13. Because this motion is unopposed, the Court will grant the motion.

## FACTUAL BACKGROUND

Plaintiff Security Insurance Company of Hartford ("SICH") asserts that there was never an executed "Specific Excess of Loss and Aggregate Stop Loss Insurance Agreement" between SICH and Chubb. Security Insurance Company of Hartford's Response in Opposition to Defendant's Motion to Deem Admitted Defendant's Request for Admission of Fact No. 13 ("Response") at 1-2, filed June 15, 2006 (Doc. 164). Clovis Insurance contends that, before SICH terminated its Program Administrator Agreement with Tesher Corp. and Tesseyman on March 18, 2002, SICH had received on January 22, 2002 from the program's reinsurer Chubb Atlantic Reinsurance Specialists, Ltd.

("Chubb") a letter of "provisional notice of cancellation of the Specific Excess and Loss and Aggregate Stop Loss Reinsurance Agreements between Artis and Chubb Atlantic Reinsurance Specialists, Ltd." Defendant's Motion to Deem Admitted Defendant's Request for Admission of Fact No. 13 ("Motion to Deem Admitted") at 1; Letter from Michael Hoffmann to Peter Soloway at 1 (dated January 22, 2002). Clovis Insurance argues that the letter outlines a long list of failings on the part of SICH, Artis (a SICH subsidiary), and Tesher Corporation, all of which were revealed in an audit that Chubb conducted on January 11, 2002. See Motion to Deem Admitted at 1-2; Letter from Michael Hoffmann to Peter Soloway at 1-3. As a condition of Chubb not making its cancellation of reinsurance final, it made a number of demands, one of which was that "Artis will not write any further accounts into the program from January 31, 2002 until a follow-up audit has been completed by Chubb Atlantic." Letter from Michael Hoffmann to Peter Soloway at 2.

Clovis Insurance asserts that discovery has revealed that Bell Gas, Inc. submitted its application to Tesher Corporation on January 23, 2002. See Motion to Deem Admitted ¶ 2, at 2. Clovis Insurance further asserts that discovery has also revealed that SICH received the Bell Gas application on March 15, 2002 and that SICH was actively underwriting it as late as March 18, 2002. See id. And, it was on March 18, 2002 that SICH terminated the Program Administrator Agreement with Tesher Corp. See id.

## PROCEDURAL BACKGROUND

### 1. Relevance of Request.

Clovis Insurance has sought to ascertain whether SICH satisfied Chubb's demands. Clovis Insurance contends that, if SICH did not, for it to have continued to market and sell insurance under this program is relevant to its negligence in this case. See id. To that end, Clovis Insurance sought

discovery as to what transpired following Chubb's January 22, 2002 letter of conditional termination. See id. ¶ 3, at 2.

Clovis Insurance contends that, by the terms of that letter, SICH was instructed to cease writing any insurance under the Tesher program. See id. Clovis Insurance represents that questions exist whether SICH was continuing to market and sell insurance under the Program Administrator Agreement in violation of its reinsurance agreement with Chubb. See id. Clovis Insurance argues that these questions and conduct go to SICH's active negligence. See id.

### 2. Request for Production.

Clovis Insurance propounded Request for Production No. 11 to SICH, which responded accordingly:

> **REQUEST FOR PRODUCTION NO. 11:** Copies of all correspondence, e-mails, memorandums, or other tangible documentation by and between the third party plaintiff, its parents, subsidiaries or related companies and Chubb Atlantic Reinsurance Specialists, Ltd. regarding or relating to the "Tesher Specific & Aggregate Excess of Loss Reinsurance Chubb Atlantic Reference Nos. (02)-3310-12-02 Provisional Notice of Cancellation." Specifically, this request seeks documents which followed and was responsive to the matters addressed in Chubb Atlantic Reinsurance Specialists, Ltd.'s January 22, 2002 letter. (SI 0333-0345)
>
> **RESPONSE:** Any documents that are responsive to Request No. 11 will be included in SICH's forthcoming supplemental document production (in response to counsel's April 13, 2005 letter).

Security Insurance Company of Hartford's Responses to Defendant's First Requests for Admission, Request for Admission No. 11, at 3.

### 3. Motion to Compel.

Clovis Insurance subsequently filed a Motion to Compel, seeking production of these documents. See Defendant's Motion to Compel More Complete Responses to Requests for

Production, filed August 10, 2005 (Doc. 92). Clovis Insurance represents that the filing of this motion resulted in SICH producing documents, but no documents have been produced that post-date Chubb's January 22, 2002 provisional notice of cancellation or which provides that the provisional notice of cancellation was withdrawn. See Motion to Deem Admitted ¶ 5, at 3.

### 4.     Request for Admission No. 13.

In addition to seeking production of any documents, post-January 22, 2002, relating to the Chubb provisional notice of cancellation, Clovis Insurance also propounded to SICH Request for Admission of Fact No. 13:

> **Request for Admission of Fact No. 13:** That SICH did not comply with the terms and conditions set out in the January 22, 2002 Chubb provisional notice of cancellation letter and the cancellation of the Specific Excess of Loss and Aggregate Stop Loss Reinsurance Agreement (Reference Nos. (02)-3310-12-03 & (02)-3310-12-02) was never withdrawn by Chubb.

Security Insurance Company of Hartford's Responses to Defendant's First Requests for Admission, Request for Admission No. 13, at 3-4. SICH has denied this request for admission. See id.

### 5.     Efforts to Resolve Dispute Without the Court's Assistance.

Clovis Insurance represents that its counsel has pursued these issues beyond the Motion to Compel, through letters and e-mails, to which SICH promised a formal supplemental response. See Motion to Deem Admitted ¶ 7, at 4. The supplemental response to Request for Production No. 11 was served on Clovis Insurance on April 24, 2006, and confirmed that SICH has no documents post-January 22, 2002.

By letter dated December 19, 2005, Clovis Insurance's counsel called to SICH's attention that the failure to produce any post-January 22, 2002 documentation was inconsistent with SICH's refusal to admit Request for Admission of Fact No. 13. See Letter from Briggs Cheney to Christopher

Wolpert and Paul Koller at 1-2 (dated December 19, 2005)(incorrectly referring to request for admission No. 13 as No. 10). SICH has not supplemented or withdrawn its response to Request for Admission No. 13.

### 6. Motion to Deem Request Admitted.

Clovis Insurance moves, pursuant to rule 36 of the Federal Rules of Civil Procedure, for an order deeming as admitted its Request for Admission of Fact No. 13. See Motion to Deem Admitted at 1. At the hearing on this motion, SICH stated that it did not oppose this motion. See Transcript of Hearing at 3:11-14 (taken July 19, 2006).[1]

### ANALYSIS

Chubb's January 22, 2002 letter is clear and emphatic in its requests and demand. Throughout this case, questions have persisted whether SICH was continuing to market and sell insurance under the Program Administrator Agreement in violation of its reinsurance agreement with Chubb. These questions and conduct go to SICH's active negligence in this matter, and are relevant to SICH's claims for indemnification.

Clovis Insurance has pursued all avenues of discovery, including filing a Motion to Compel production of any post-January 22, 2002 documents. Having established that none exist, SICH can no longer deny Request for Admission of Fact No. 13. For these reasons, and because SICH does not oppose this motion, the Court will grant the motion.

**IT IS ORDERED** that Defendants' Motion to Deem Admitted Defendant's Request for Admission of Fact No. 13 is granted.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul R. Koller
Christopher M. Wolpert
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorneys for the Third-Party Plaintiff*

Briggs Cheney
Law Office Briggs F. Cheney
Albuquerque, New Mexico

 A*ttorney for the Third-Party Defendant*